Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000097
08-MAY-2019
09:42 AM

NO. CAAP-18-0000097

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
FRED E. HOFER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3DTC-17-013008)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Fred E. Hofer (**Hofer**), *pro se*, appeals from a Judgment and Notice of Entry of Judgment, entered on January 25, 2018, by the District Court of the Third Circuit (**district court**).[1]  The district court convicted Hofer of one count of Driving Without a Valid Driver's License, in violation of Hawaii Revised Statutes (**HRS**) § 286-102, and one count of No Motor Vehicle Insurance, in violation of HRS § 431:10C-104.

On appeal, Hofer contends he is a "duly naturalized Subject to this Kingdom" and asserts points of error that: the district court violated his due process rights as it lacked jurisdiction over him because the State of Hawai'i is "a mere fabrication, a fiction"; Hofer never submitted to the jurisdiction of the district court; the State of Hawai'i, as

---

[1]  The Honorable M. Kanani Laubach presided.

represented by the prosecuting attorney and by the filing of this case, violated his rights by not vacating the case as he requested; and the district court and prosecuting attorney violated their oath of office by holding proceedings without authority or jurisdiction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Hofer's points of error as follows and affirm.

In State v. Kaulia, 128 Hawai'i 479, 486-87, 291 P.3d 377, 384-85 (2013), the defendant argued "the courts of the State of Hawai'i lacked subject matter jurisdiction over his criminal prosecution because the defense proved the existence of the Hawaiian Kingdom and the illegitimacy of the State of Hawai'i government."  The Hawai'i Supreme Court rejected Kaulia's claim and held as follows:

> Pursuant to HRS § 701-106 (1993), "the [S]tate's criminal jurisdiction encompasses all areas within the territorial boundaries of the State of Hawai'i." State v. Jim, 105 Hawai'i 319, 330, 97 P.3d 395, 406 (App.2004). The State charged Kaulia based on his conduct in Kona, County and State of Hawai'i. Thus Kaulia is subject to the State's criminal jurisdiction in this case.
>
> Kaulia appears to argue that he is immune from the court's jurisdiction because of the legitimacy of the Kingdom government.  In that regard, we reaffirm that "[w]hatever may be said regarding the lawfulness" of its origins, "the State of Hawai'i . . . is now, a lawful government." State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004), aff'd, 106 Hawai'i 41, 101 P.3d 225 (2004).  Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws.  See id. at 55, 101 P.3d at 664; State v. Lorenzo, 77 Hawai'i 219, 883 P.2d 641 (App. 1994); State v. French, 77 Hawai'i 222, 883 P.2d 644 (App. 1994); Nishitani v. Baker, 82 Hawai'i 281, 921 P.2d 1182 (App. 1996); State v. Lee, 90 Hawai'i 130, 976 P.2d 444 (1999).
>
> Thus we also reject Kaulia's argument that the circuit court erred in precluding Kaulia from calling a witness to present evidence concerning the existence of the Kingdom in support of his Motion to Dismiss.

Id. at 487, 291 P.3d at 385.

Here, Hofer was cited for offenses in the County of Hawai'i, and similar to Kaulia, he is subject to the State's criminal jurisdiction.

Moreover, to the extent that Hofer refers to proceedings before the district court, the record on appeal does not contain any transcripts of proceedings. "[T]he burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." In re RGB, 123 Hawai'i 1, 27, 229 P.3d 1066, 1092 (2010) (brackets omitted) (quoting Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995)).

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered on January 25, 2018, by the District Court of the Third Circuit, is affirmed.

DATED: Honolulu, Hawai'i, May 8, 2019.

On the briefs:

Fred Hofer,
Defendant-Appellant, pro se.

Leneigha S. Downs,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

3